# MATTER OF BALSILLIE

## In Deportation Proceedings

### A-26685496

### *Decided by Board May 12, 1992*

(1) The Immigration and Nationality Act provides two means by which the conditional basis of a conditional permanent resident's status may be removed: the alien and the United States citizen spouse may file a Joint Petition to Remove the Conditional Basis of Alien's Permanent Resident Status (Form I-751) under section 216(c)(1) of the Act, 8 U.S.C. § 1186(c)(1) (Supp. II 1990), or the alien may file an Application for Waiver of Requirement to File Joint Petition for Removal of Conditions (Form I-752) under section 216(c)(4).

(2) Section 216(c)(4) of the Act, as amended, and the corresponding regulations at 8 C.F.R. § 216.5 (1992) provide three separate waivers of the requirement to file a joint petition for removal of the conditional basis of a conditional permanent resident's status.

CHARGE:

Order: Act of 1952—Sec. 241(a)(9)(B) [8 U.S.C. § 1251(a)(9)(B)]—Conditional resident status terminated

ON BEHALF OF RESPONDENT:
Judith Howell, Esquire
Catholic Immigration Services
3417 West 38th Avenue
Denver, Colorado 80211

ON BEHALF OF SERVICE:
Cathy Auble
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

By means of an order dated March 6, 1991, an immigration judge denied the respondent's request for a waiver under section 216(c)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(c)(4) (Supp. II 1990), ordered her deportation to the Philippines, and granted her the privilege of voluntary departure in lieu of deportation. On March 28, 1991, the immigration judge issued a notice and order certifying the case to this Board pursuant to 8 C.F.R. §§ 3.1(c) and 3.7 (1991). We consider this case on that basis. The respondent's request for a waiver under section 216(c)(4)(B) of the Act will be granted, the conditional

basis of her lawful permanent resident status will be removed, and the proceedings will be terminated.

The question on certification is whether section 216(c)(4) of the Act, as amended, provides three separate waiver provisions or rather merely two, the first of which consists of sections 216(c)(4)(A) and (B) jointly and the second being the "battered spouse" waiver set forth in section 216(c)(4)(C).

The respondent is a 36-year-old native and citizen of the Philippines. On October 28, 1986, she entered the United States as the fiancee of a United States citizen under section 101(a)(15)(K) of the Act, 8 U.S.C. § 1101(a)(15)(K) (1982). She married her fiance and on October 23, 1987, she was granted conditional permanent resident status under section 216(a) of the Act, 8 U.S.C. § 1186(a) (Supp. IV 1986).

The Act provides two means by which the conditional basis of a conditional permanent resident's status may be removed. The alien and the United States citizen spouse may file a Joint Petition to Remove the Conditional Basis of Alien's Permanent Resident Status (Form I-751) under section 216(c)(1) of the Act or the alien may file an Application for Waiver of Requirement to File Joint Petition for Removal of Conditions (Form I-752) under section 216(c)(4). The respondent chose the latter course, and on November 7, 1989, she filed a Form I-752 before a district director of the Immigration and Naturalization Service. The respondent was then interviewed by an officer of the Service to determine whether a waiver was warranted in her case. On April 4, 1990, the district director issued a decision denying the waiver, and deportation proceedings were initiated under section 241(a)(9)(B) of the Act, 8 U.S.C. § 1251(a)(9)(B) (1988).[1]

The respondent appeared before the immigration judge with counsel and renewed her request for a waiver under section 216(c)(4) of the Act, 8 U.S.C. § 1186a(c)(4) (1988). On July 6, 1990, the immigration judge, after consideration of the testimony and evidence of record, found the respondent deportable as charged and denied the request for a waiver. At the time that decision was rendered, section 216(c)(4) provided two alternative waivers: one based on a showing of extreme hardship, and the other based on a showing that the marriage was entered into in good faith and was terminated by the alien spouse for good cause and that the alien was not at fault in failing to meet the

---

[1] This section of the Act has been revised and redesignated as section 241(a)(1)(D) of the Act, 8 U.S.C. § 1251(a)(1)(D) (Supp. II 1990), by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5078, but that amendment does not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. See section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

requirements for filing a joint petition and appearing at the interview with the petitioning spouse.[2]

In his decision of July 6, 1990, the immigration judge found that the respondent failed to qualify for either waiver set forth in section 216(c)(4)(A) or (B) of the Act. With regard to the waiver provided under subsection (A), she had failed to demonstrate extreme hardship. With regard to the waiver under subsection (B), she had not terminated the marriage. Relief from deportation under section 216(c)(4) was therefore denied. The respondent appealed.

During the pendency of the appeal, Congress enacted section 701(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, which amended the waiver provisions of section 216(c)(4) of the Act to provide as follows:

> *Hardship Waiver.*—The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of paragraph (1) if the alien demonstrates that—
>
> (A) extreme hardship would result if such alien is deported,
>
> (B) the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the requirements of paragraph (1), or
>
> (C) the qualifying marriage was entered into in good faith by the alien spouse and during the marriage the alien spouse or child was battered by or was the subject of extreme cruelty perpetrated by his or her spouse or citizen or permanent resident parent and the alien was not at fault in failing to meet the requirements of paragraph (1).
>
> In determining extreme hardship, the Attorney General shall consider circumstances occurring only during the period that the alien was admitted for permanent residence on a conditional basis. The Attorney General shall, by regulation, establish measures to protect the confidentiality of information concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child.

104 Stat. at 5085-86.

On the basis of that amendment, the respondent withdrew her

---

[2] As originally enacted in the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537, section 216(c)(4) provided:

Hardship Waiver.—The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of paragraph (1) if the alien demonstrates that—

(A) extreme hardship would result if such alien is deported, or

(B) the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) by the alien spouse for good cause and the alien was not at fault in failing to meet the requirements of paragraph (1).

In determining extreme hardship, the Attorney General shall consider circumstances occurring only during the period that the alien was admitted for permanent residence on a conditional basis.

appeal and moved to reopen the proceedings before the immigration judge. The Service stated that it did not oppose the motion, and the proceedings were reopened. At the reopened hearing, little new evidence was introduced since the case was to be redecided on a question of law rather than fact.

On March 6, 1991, after hearing the arguments of both parties, the immigration judge issued a decision finding the respondent ineligible for a waiver under section 216(c)(4) of the Act. The immigration judge found that, by eliminating the "or" between subsections (A) and (B) of that section, Congress intended to merge the requirements of the two subsections into one waiver. Having previously found that the respondent had failed to demonstrate that she would suffer extreme hardship, the immigration judge found her ineligible for a waiver under combined sections 216(c)(4)(A) and (B). The respondent did not apply for a "battered spouse" waiver under subsection (C).

In the alternative, the immigration judge found that the respondent satisfied the requirements of subsection (B), as amended, and that if subsections (A) and (B) were to be read as separate waivers the respondent should be granted a waiver under section 216(c)(4)(B).

The immigration judge accordingly certified the case to this Board to determine whether section 216(c)(4) of the Act, as amended, provides three rather than two waivers.

As discussed above, section 216(c)(4) of the Act originally provided two separate waivers: section 216(c)(4)(A) or (B). The Immigration Act of 1990 added a new waiver for battered spouses in subsection (C), deleted the requirement for the alien spouse to have terminated the marriage in subsection (B), and deleted the "or" between subsections (A) and (B).

The Service argues that by deleting the "or" between subsections (A) and (B), Congress intended to merge the first two waivers. Thus, an alien could apply for a battered spouse waiver under new subsection (C), or for a waiver satisfying both the extreme hardship requirement of subsection (A) and the good faith requirements of subsection (B).

The respondent argues that Congress intended merely to amend the requirements of the subsection (B) "good faith" waiver and to add a new, third waiver. According to the respondent, the deletion of the "or" after subsection (A) is merely a grammatical change necessitated by the addition of a third alternative. The respondent points out that an "or" exists between subsections (B) and (C), and that the three subsections should be read as a series of alternatives.

The respondent contends that such an interpretation merely follows common usage and plain meaning. Specifically, the respondent points out that style manuals consistently apply the rule that when three or more words, phrases, or clauses of a compound sentence are intended

to be joined by the same conjunction, the clauses are separated by commas and the conjunction is only stated before the last instance. The respondent quotes the following two examples:

red, white, and blue
by the bolt, by the yard, or in remnants

*U.S. Government Printing Office Style Manual* Rule 8.43 (1984).

In interpreting a statute which we are charged with administering, we look first to the plain meaning of the provisions in question. *See INS v. Elias-Zacarias*, 502 U.S. 478 (1992) (quoting *Richards v. United States*, 369 U.S. 1, 9 (1962)). We agree with the respondent that by common usage the plain meaning of section 216(c)(4), as amended, provides three alternative waivers. *See* William Strunk Jr. & E.B. White, *The Elements of Style* Rule 2 (3d ed. 1979).

Moreover, we find that the regulation governing waivers under section 216 of the Act also provides three independent waivers. That regulation was amended after the date of the immigration judge's decision to conform with the 1990 amendments to section 216 of the Act. The regulation at 8 C.F.R. § 216.5 now provides, in pertinent part, as follows:

Waiver of requirement to file petition to remove conditions.

(a) General. A conditional resident alien who is unable to meet the requirements for removal of the conditional basis of his or her permanent residence [sic] status may file an Application for Waiver of Requirement to File Joint Petition for Removal of Conditions (Form I-752), if the alien was not at fault in failing to meet the filing requirement and the conditional resident alien is able to establish that:

(1) Deportation from the United States would result in extreme hardship;

(2) The marriage upon which his or her status was based was entered into in good faith by the conditional resident alien, but the marriage was terminated other than by death, and the conditional resident was not at fault in failing to file a timely petition; or

(3) The qualifying marriage was entered into in good faith by the conditional resident but during the marriage the alien spouse or child was battered by or subjected to extreme cruelty committed by the citizen or permanent resident spouse or parent.

. . . .

(e) Adjudication of waiver application—

(1) Application based on claim of hardship. . . .

(2) Application for waiver based upon the alien's claim that the marriage was entered into in good faith. . . .

(3) Application for waiver based on alien's claim of having been battered or subjected to extreme mental cruelty.

8 C.F.R. § 216.5 (1992).

Prior to the amendments, the regulation first set forth the two

alternative waivers for "extreme hardship" cases and "good faith" cases, closely following the language of the statute, including the use of "or" between them. 8 C.F.R. §§ 216.5(a)(1)-(2) (1991). The regulation then stated in greater detail the requirements for the two waivers, devoting a separate subsection to the requirements for each at 8 C.F.R. §§ 216.5(e)(1) and (2) (1991).

The amended version of 8 C.F.R. § 216.5 (1992) still closely follows the statute, adding the new waiver for battered spouses in subsection (a)(3), deleting the requirement for the alien spouse to have terminated the marriage in subsection (a)(2), and deleting the "or" between the original two waivers in subsections (a)(1) and (a)(2) while adding an "or" before the new waiver at subsection (a)(3). Of greatest relevance to the issue before us, however, is the fact that, as amended, 8 C.F.R. § 216.5(e) (1992) continues to devote separate subsections to the detailed requirements for each of the three waiver provisions, each bearing its own title, in subsections (e)(1), (e)(2), and (e)(3).

In maintaining the separate descriptions and requirements of each waiver provision, the regulation appears to be setting forth three separate waivers. This impression is unequivocally confirmed by the summary issued with the amendments to 8 C.F.R. § 216.5 (1992). In that summary, the Service states that the amended version of 8 C.F.R. § 216.5 "implements section 701 of the Immigration Act of 1990 ... by amending the existing waiver provisions and providing a third basis for exempting a conditional resident from meeting the joint filing requirement of section 216 of the Act." 56 Fed. Reg. 22,635 (1991). See also the supplementary information issued with the amended regulation at 56 Fed. Reg. 22,635-37 (1991) which discusses in greater detail the reasons for the amendments to the waiver provisions.

Accordingly, we find that section 216(c)(4) of the Act and the corresponding regulations at 8 C.F.R. § 216.5 (1992) provide three separate waivers of the requirement to file a joint petition for removal of the conditional basis of a conditional permanent resident's status.

In his alternative ruling, the immigration judge found that the respondent satisfied the requirements under section 216(c)(4)(B) of the Act, as amended, if that section provided a separate waiver. Therefore, as we have found that section 216(c)(4)(B) of the Act now provides a waiver which is independent of the other two waivers provided by section 216(c)(4), the following order shall be entered.

**ORDER:** The respondent is granted a waiver under section 216(c)(4)(B) of the Act and the conditional basis of her lawful permanent resident status is hereby removed.

**FURTHER ORDER:** The deportation proceedings are terminated.