# In re Henry STOWERS, Respondent

## File A73 026 556 - Seattle

*Decided March 26, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An alien whose conditional permanent residence was terminated by the Immigration and Naturalization Service under section 216(b) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(b) (1994), before the 90-day petitioning period preceding the second anniversary of the grant of status, may file an application for a waiver under section 216(c)(4) of the Act.

(2) Where an alien is prima facie eligible for a waiver under section 216(c)(4) of the Act and wishes to have the Service adjudicate an application for such waiver, proceedings should be continued in order to allow the Service to adjudicate the application. *Matter of Mendes*, 20 I&N Dec. 833 (BIA 1994), followed.

Dan P. Danilov, Esquire, Seattle, Washington, for respondent

Robert F. Peck, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Limited Board En Banc: SCHMIDT, Chairman; VACCA, HEILMAN, HUR-WITZ, VILLAGELIU, FILPPU, COLE, and ROSENBERG, Board Members. Concurring Opinion: GRANT, Board Member.

ROSENBERG, Board Member:

In a decision dated March 10, 1997, an Immigration Judge found the respondent deportable pursuant to section 241(a)(1)(D)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(D)(i) (1994),[1] and denied his request for a waiver pursuant to section 216(c)(4) of the Act, 8 U.S.C. § 1186a(c)(4) (1994), but granted him the privilege of voluntary

---

[1] Section 305(a)(2) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-598 (Sept. 30, 1996) ("IIRIRA"), redesignated section 241 of the Act as section 237 of the Act, 8 U.S.C. § 1227 (Supp. II 1996).

departure pursuant to section 244(e) of the Act, 8 U.S.C. § 1254(e) (1994)[2]. The respondent and the Immigration and Naturalization Service have filed timely appeals from the Immigration Judge's decision. Upon review, the Board will sustain the Service's appeal in part, dismiss the respondent's appeal, and remand the case for further proceedings consistent with this order.

## I. PROCEDURAL BACKGROUND

The complex procedural history of this case may be summarized as follows. The respondent is a 44-year-old native and citizen of New Zealand who entered the United States on May 8, 1988, as a nonimmigrant visitor. On February 1, 1996, the respondent married a United States citizen. On September 19, 1996, the Service granted the respondent conditional permanent resident status pursuant to section 216(a) of the Act, based upon his marriage. On October 11, 1996, upon learning that the respondent was not residing with his wife, the Service—without issuing a notice of intent to terminate—terminated the respondent's conditional permanent resident status, pursuant to section 216(b)(1)(A)(i) of the Act.[3] The Service initiated deportation proceedings by issuing an Order to Show Cause and Notice of Hearing (Form I-221), charging the respondent with deportability under section 241(a)(1)(D)(i) of the Act.[4] In December 1996, after the termination of his conditional permanent residence, the respondent submitted to the Service a Petition to Remove the Conditions on Residence (Form I-751), seeking "good faith" and "hardship" waivers. On February 21, 1997, the respondent and his wife were divorced.

At the deportation hearing held on February 24, 1997—3 days after the respondent's divorce—the Service issued a second notice terminating the respondent's conditional permanent residence, pursuant to section

---

[2]The IIRIRA amended the voluntary departure provisions of the Act. However, the IIRIRA specifies that those amendments do not apply to the cases of aliens who were in proceedings prior to April 1, 1997. *See* IIRIRA §§ 304(a)(3), 309(a), (c)(1), 110 Stat. at 3009-587, 3009-625.

[3]This section of the Act states, in pertinent part, that the Attorney General may terminate the conditional permanent resident status of an alien if the Attorney General determines, before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence, that the qualifying marriage "*was entered into for the purpose of procuring an alien's admission as an immigrant*." Section 216(b)(1)(A)(i) of the Act (emphasis added).

[4]Section 241(a)(1)(D)(i) of the Act states, in pertinent part, that an alien is deportable where that alien has had his or her conditional resident status terminated under section 216 of the Act. The allegation supporting the Service's charge of deportability stated that the respondent was not living with his wife, nor had he ever lived with her.

216(b)(1)(A)(ii) of the Act.[5]  Additionally, the Service dropped the original allegation supporting the charge of deportability and substituted a new allegation on Form I-261 (Additional Charges of Deportability), reflecting that the respondent's marriage had been terminated judicially. *See* 8 C.F.R. § 3.30 (1997) (relating to additional charges in deportation hearings).

At the same hearing, the Service's trial attorney informed the Immigration Judge that the Service would never adjudicate the respondent's waiver application because the application had not been filed within the 90-day period before the 2-year anniversary date of the granting of conditional permanent resident status. *See* section 216(c) of the Act; 8 C.F.R. § 216.4(a)(1) (1997). The Service's trial attorney informed the Immigration Judge that this conclusion was reached after discussion with the Service's district counsel. The Immigration Judge disagreed with the legal conclusion of the Service's trial attorney and found that a waiver application could be filed at any time before the pertinent 2-year anniversary date, even where an alien's conditional permanent resident status had been terminated. Citing appropriate case law and regulations, the Immigration Judge also recognized that he lacked jurisdiction to consider a waiver application unless and until the Service adjudicated the application. However, the Immigration Judge reasoned that because the Service's trial attorney indicated that the Service would never adjudicate the respondent's waiver application, the Service had "constructively denied" the application. The Immigration Judge thereby assumed jurisdiction over the respondent's waiver application at the deportation hearing.

Upon further reflection of the pertinent jurisdictional issues at the continued hearing on February 25, 1997, the Immigration Judge found that the Service failed to provide the respondent with proper notice of its intent to terminate his conditional resident status on October 11, 1996 (which had been based upon the allegation that the respondent and his wife did not reside together). *See* 8 C.F.R. § 216.3(a). Nonetheless, the Immigration Judge declined to terminate proceedings because the Service had lodged the substitute allegation that the respondent had obtained a divorce from his wife. The Immigration Judge found that the Service was not obligated to supply the respondent with advance notice of its intent to terminate his status once the Service lodged the allegation concerning the respondent's divorce. In support of this conclusion, the Immigration Judge reasoned that

---

[5]This section of the Act states, in pertinent part, that the Attorney General may terminate the conditional permanent resident status of an alien if the Attorney General determines, before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence, that the qualifying marriage "*has been judicially annulled or terminated, other than through the death of a spouse*."  Section 216(b)(1)(A)(ii) of the Act (emphasis added).

the respondent had "ample time to review the lodged charge"; that "the respondent was already aware of this particular derogatory information" (i.e., the divorce); and that the respondent clearly was deportable under section 241(a)(1)(D)(i) of the Act, based upon the second notice of termination. Because he admitted that he and his wife obtained a divorce, the respondent then conceded deportability on this charge and again requested an adjudication of his waiver application.

After hearing testimony from numerous witnesses concerning the merits of the respondent's waiver application, the Immigration Judge concluded that the respondent did not carry his burden of proof to show that he entered his marriage in "good faith." *See* section 216(c)(4) of the Act (stating that the burden of proof rests with the alien to show the alien's eligibility for a waiver); 8 C.F.R. § 216.5(a)(1) (1998) (same). The Immigration Judge did not rule specifically on that part of the waiver application alleging "extreme hardship." The Immigration Judge therefore denied the respondent's waiver application and found him deportable as charged, but granted him the privilege of voluntary departure.

## II. APPELLATE ARGUMENTS

Each party has appealed the Immigration Judge's decision to the Board. First, the Service has appealed, arguing (1) that the respondent was ineligible to file a waiver application where his conditional permanent resident status had been terminated prior to the 90-day period before the 2-year anniversary date of the granting of such status, and that the "Immigration Judge wrongly construed the Service's refusal to adjudicate Respondent's waiver as a constructive denial"; and (2) that if the Immigration Judge had the authority to review the respondent's waiver application, the Immigration Judge did not abuse his discretion in denying the application. The respondent also has appealed, arguing that the Immigration Judge violated his due process rights and erred by failing to consider the extreme hardship which would be caused by his deportation. In light of the following discussion, in which we conclude that the Service—not the Immigration Judge—had the jurisdiction to consider the respondent's waiver application, we need only address one of the above issues, namely, the Service's first argument.

## III. ANALYSIS

### A. Legal Framework

The Board has outlined the statutory and regulatory scheme that governs the status of a conditional permanent resident. *See, e.g., Matter of Tee,* 20 I&N Dec. 949 (BIA 1995); *Matter of Anderson*, 20 I&N Dec. 888 (BIA

1994); *Matter of Mendes*, 20 I&N Dec. 833 (BIA 1994); *Matter of Balsillie*, 20 I&N Dec. 486 (BIA 1992); *Matter of Lemhammad*, 20 I&N Dec. 316 (BIA 1991); *Matter of Stockwell*, 20 I&N Dec. 309 (BIA 1991). Section 216 of the Act creates a system whereby aliens who attain their conditional permanent residence are granted that status for 2 years. *See* 8 C.F.R. §§ 216.2-216.4 (1998). Within 90 days of the 2-year anniversary of the grant of conditional residence, the alien and the alien's spouse must file with the Service a joint petition to remove the conditions on residence on Form I-751, accompanied by appropriate documentary evidence to prove that the marriage was not entered into for the purpose of evading the immigration laws of the United States. Section 216(c)(1) of the Act; *Matter of Nwokoma*, 20 I&N Dec. 899, 902 (BIA 1994); 8 C.F.R. § 216.4. The Service may request an interview with the parties to assist in exploring the bona fides of the marriage. Section 216(c)(1)(B) of the Act; 8 C.F.R. § 216.4(b). If the Service approves the joint petition, it lifts the condition on the alien's permanent resident status. *See* section 216(c)(3)(B) of the Act; 8 C.F.R. § 216.4(d)(1).

The Act also provides the Service with the authority to affirmatively terminate the conditional resident status of an alien and to place the alien into proceedings to remove the alien from the United States. *See* sections 216(b), (c), 241(a)(1)(D)(i) of the Act; 8 C.F.R. §§ 216.3-216.5 (1998). Termination of an alien's conditional permanent resident status can occur in three ways. First, under section 216(b)(1) of the Act, the Service may terminate the alien's conditional resident status before the 2-year conditional period expires, where the Service determines either that the qualifying marriage is fraudulent or was judicially annulled or terminated, or that a fee or other consideration was given for the filing of a pertinent petition. *See Matter of Lemhammad, supra*, at 320; 8 C.F.R. § 216.3. Second, the Service may terminate the alien's conditional resident status for failure to timely file a joint petition or appear for the interview thereon. Section 216(c)(2)(A) of the Act; 8 C.F.R. § 216.4. Third, the Service may terminate the alien's conditional resident status upon adjudicating the joint petition and determining that the facts and information contained therein are untrue. Section 216(c)(3)(C) of the Act; 8 C.F.R. § 216.4(d)(2). Each of these determinations is reviewable in subsequent deportation proceedings. *See* sections 216(b)(2), (c)(2)(B), and (c)(3)(D) of the Act; *Matter of Gawaran*, 20 I&N Dec. 938, 942 (BIA 1995), *aff'd*, 91 F.3d 1332 (9th Cir. 1996); *Matter of Lemhammad, supra*; 8 C.F.R. §§ 216.3(a), 216.4(d)(2).

If the alien and his or her spouse are unable to meet the joint petition requirements under section 216 of the Act,[6] the alien nonetheless may file

---

[6]Such inability need not include divorce or death of a spouse; rather, where an alien's spouse withdraws support for the joint petition—either before or after its filing—the alien is precluded from going forward on a joint petition. *Matter of Mendes*, 20 I&N Dec. 833, 837-38 (BIA 1994).

an application for a discretionary *waiver* of the requirement to file the joint petition under section 216(c)(4) of the Act. *See Matter of Tee, supra*, at 951-52; *Matter of Anderson, supra; Matter of Balsillie, supra*; 8 C.F.R. § 216.5. Congress provided three distinct grounds for a waiver. In pertinent part, the three grounds are (1) that "extreme hardship would result" if the alien were removed, section 216(c)(4)(A) of the Act; or (2) that the good faith marriage was terminated, and the alien was not at fault in failing to meet the joint petition and interview requirements, section 216(c)(4)(B) of the Act; or (3) that during the good faith marriage, the alien spouse or child was battered by or was the subject of extreme cruelty, and the alien was not at fault in failing to meet the joint petition and interview requirements, section 216(c)(4)(C) of the Act. *See Matter of Balsillie, supra*; 8 C.F.R. § 216.5(a)(1). If the request for a waiver of the joint petition requirement is granted, the condition on permanent residence is removed. *See generally* 8 C.F.R. § 216.5. If the Service denies the waiver application, a conditional resident who has been placed into proceedings may apply for the waiver at any time before a final order of exclusion, deportation, or removal. 8 C.F.R. § 216.5(a)(2).

## B. Application of the Legal Framework to the Respondent's Case

The operative facts discussed above reveal that the respondent was granted conditional resident status on September 19, 1996, pursuant to section 216(a)(1) of the Act, based on his marriage to a United States citizen. Less than 1 month after the grant of conditional resident status, the Service learned that the respondent and his wife were not cohabitating. Therefore, the Service terminated the respondent's conditional resident status under section 216(b) of the Act—without providing the requisite regulatory notice—and placed him in deportation proceedings. A month later the respondent filed a waiver application with the Service. The Service did not adjudicate the waiver application; rather the Service subsequently lodged a substitute allegation supporting the charge of deportability, contending that the respondent's marriage was terminated judicially on February 21, 1997. Simultaneously, and again without prior notification, the Service issued a second notice of termination of the respondent's conditional resident status based upon the judicial termination of the marriage.[7]

---

[7]We observe that each of the Service's terminations of the respondent's conditional resident status violated federal regulations, which state that prior to issuing a notice of termination, the Service shall provide the alien with an opportunity to review and rebut any derogatory evidence. 8 C.F.R. § 216.3(a).

## 1. Eligibility to File a Waiver Application

The Service argues on appeal that because the respondent's conditional resident status was terminated under section 216(b) of the Act before the 90-day petitioning period preceding the second anniversary of the grant of status, the respondent's only remedy was to have such *termination* reviewed in subsequent deportation proceedings. *See* section 216(b)(2) of the Act; 8 C.F.R. § 216.3(a). The Service contends that it lacks the statutory or regulatory authority to waive the requirements for the filing of the joint petition due to the "final" termination of the respondent's status before the petitioning period.

We are not persuaded by the Service's argument. Neither section 216 of the Act (or its legislative history) nor the regulations specify a time limit on when a waiver application may be filed by an alien whose status was terminated under section 216(b)(1) of the Act.[8] *See* 8 C.F.R. §§ 216.1-216.5 (1998). We recognize that because a waiver application is filed as an alternative to the joint petition, it is *normally* filed within the 90-day period preceding the end of the 2-year conditional residence period. However, we hold that in certain situations it is appropriate to file a waiver application before or after the 90-day petitioning period, even where the Service affirmatively has terminated an alien's conditional resident status.

Our holding in the instant case is guided by our decision in *Matter of Lemhammad, supra*. In *Matter of Lemhammad*, the respondent married a United States citizen and obtained conditional resident status under section 216 of the Act on June 13, 1988. On October 25, 1989, the respondent and his wife were divorced. On May 10, 1990, the Service terminated the respondent's conditional resident status under section 216(b)(1)(A)(ii) of the Act—based upon his divorce—and placed him into deportation proceedings.[9] After his status had been terminated and after the end of the 90-day petitioning period, the respondent submitted a waiver application with the Immigration Judge. The Immigration Judge declined to adjudicate the waiver application, finding that the Service retained the original jurisdiction to adjudicate such application under 8 C.F.R. §§ 216.5(c) and (f). On

---

[8]The regulations instruct the Service to hold adjudication of the Form I-751 in abeyance during the period between the issuance of a notice of intent to terminate the alien's conditional status and a final decision on termination. 8 C.F.R. § 216.3(a). The intent of this regulatory language is not self-evident, but we do not read this language as somehow prohibiting the adjudication of a waiver application.

[9]In *Matter of Lemhammad, supra*, the Service originally terminated the respondent's conditional resident status under sections 216(b) *and* (c) of the Act. Because the Board found that the respondent's status was terminated properly under section 216(b) of the Act, we did not address whether termination of his status also was appropriate under section 216(c) of the Act.

appeal, we affirmed the Immigration Judge's holding and found that the respondent should have submitted his waiver application directly to the Service. *Matter of Lemhammad, supra*, at 323.

Just as in *Matter of Lemhammad, supra*, the respondent in the instant case filed his waiver application after his conditional resident status was terminated under section 216(b) of the Act. Furthermore, as in *Lemhammad*, the respondent submitted his waiver application at a time outside the 90-day window preceding the second anniversary of the grant of conditional resident status. In *Matter of Lemhammad*, we held that the Service retained the jurisdictional authority to adjudicate the respondent's waiver application and indicated that the Immigration Judge could have continued the case to allow for such adjudication. *Id.* at 322-23. The result in the instant case should be no different.

We observe that conditional resident status under section 216 of the Act technically ends when the Service terminates such status in accord with the relevant subsection under section 216 of the Act. *See* 8 C.F.R. §§ 216.3(a), 216.4(d)(2). Nonetheless, Congress provided not only that an alien whose status has been terminated has a statutory and regulatory right to a review of the termination decision, but that where an alien cannot meet the joint petition requirements of section 216(c) of the Act, such alien should be given the opportunity to apply for a discretionary waiver under section 216(c)(4) of the Act.[10] In the instant case, the respondent, whose marriage ended before the 90-day period preceding the second anniversary of his grant of conditional status, and whose status was terminated, should have been afforded his right to apply for a discretionary waiver where he could not meet the joint petition

---

[10]The Board has recognized in other settings the principle that an alien's lawful permanent resident status does not cease until the entry of a final administrative order removing the alien from the United States, generally where the Board renders its appellate decision. *See, e.g., Matter of Lok*, 18 I&N Dec. 101, 105 (BIA 1981) (discussing termination of lawful permanent residence within the meaning of section 101(a)(20) of the Act, 8 U.S.C. § 1101(a)(20) (1976)), *aff'd*, 681 F.2d 107 (2d Cir. 1982); *see also Etuk v. Slattery*, 936 F.2d 1433, 1447 (2d Cir. 1991) ("To revoke an LPR's green card pending completion of the deportation process would severely undermine the integrity of the process itself and impose significant hardship on the alien involved."). The Service has recognized the proposition that although an alien's conditional resident status has been terminated, such alien retains temporary status during the pendency of review in proceedings to remove the alien. See Memorandum of Kathy A. Redman, Acting Ass't Comm'r for Adjudications, Status of Conditional Residents in Proceedings, (Oct. 9, 1997), *reprinted in* 74 Interpreter Releases, No. 43, Nov. 7, 1997, app. III at 1731 (stating that "the terminated conditional lawful permanent resident should be issued a temporary I-551, during the pendency of such review"); Status of a Conditional Permanent Resident After Denial of I-751 During Pendency of Review by EOIR, 96 Op. Gen. Counsel 12 (Aug. 6, 1996).

[11]*See* Application of the IMFA Hardship Waiver Upon Termination of CPR Status Under Section 216 of the INS, 90 Op. Gen. Counsel 1 (Jan. 9, 1990), *reprinted in* 67 Interpreter

requirements.[11]  *See Matter of Lemhammad, supra.*

To conclude otherwise would prevent an alien whose marriage is terminated within 21 months of gaining conditional resident status from ever having the conditions of the status lifted, even where the marriage was entered into in good faith or where extreme hardship would result. The regulations affirmatively permit the filing and adjudication of a waiver application by a person requesting a "battered spouse" waiver, even if the Service already has terminated conditional resident status, rendering the applicant a "*former* conditional resident." 8 C.F.R. § 216.5(e)(3)(ii) (emphasis added).[12]  The regulations respecting the "hardship" and "good faith" waiver grounds are silent on the question of whether a "former" conditional resident may apply under these categories. Nevertheless, the statutory structure is identical with respect to all three grounds for the waiver. It is not apparent to us how that identical statutory structure would permit "former" conditional residents to seek only the "battered spouse" waiver while treating as ineligible such persons applying for the "good faith" or "hardship" waivers.

### 2. Continuance for Adjudication of the Waiver Application

In light of the foregoing, we find that the Immigration Judge correctly found that the Act, regulations, and case law—construed in consonance— permitted the respondent to file a waiver application with the Service after his conditional resident status was terminated (either before or after the 90- day petitioning period). However, the Immigration Judge erred by not continuing proceedings to allow the Service to adjudicate the respondent's waiver application. As the Board held in *Matter of Mendes, supra*, where an

---

Releases, No. 6, Feb. 5, 1990, app. II at 168, 170 (stating that "there exists sufficient flexibility in the statutory language [of section 216 of the Act] to allow the Service to adjudicate the . . . waiver *at any time when the alien is unable to meet the joint petition requiremen*t" (emphasis added)); Letter from R. Michael Miller, Deputy Ass't Comm'r for Adjudications, to Maria B. Constante (Mar. 29, 1989), *reprinted in* 66 Interpreter Releases, No. 15, Apr. 17, 1989, at 443 ("[T]here is no statutory requirement for filing the . . . waiver during [the] 90- day window. Consequently, a waiver application may be filed at any time when it is deemed necessary."); Letter from Edward H. Skerrett, INS Chief, Immigrant Branch, Adjudications, to Paul Parsons (Dec. 10, 1992), *reprinted in* 70 Interpreter Releases, No. 8, Mar. 1, 1993, app. III at 272 (stating that a waiver application should not be "formally rejected solely because the alien's conditional resident status has been terminated and the alien placed in deportation proceedings").

[12]The "battered spouse" provisions were added to the regulations to implement section 701 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5085-86 (enacted Nov. 29, 1990). We are unaware why the "good faith" and "hardship" provisions, which also appear at 8 C.F.R. § 216.5(e), were not updated to reflect similar language regarding "former conditional residents."

alien is prima facie eligible for a waiver under section 216(c)(4) of the Act and wishes to have his or her waiver application adjudicated by the Service, the proceedings should be continued in order to allow the Service to adjudicate the waiver application. *See Matter of Tee, supra*, at 952 (stating that an alien may request a continuance in order to submit a waiver request to the Service for adjudication); *Matter of Anderson, supra*, at 892 ("The immigration judge only has jurisdiction to review the denial of a waiver application."); 8 C.F.R. §§ 216.5(e), (f); *cf.* section 216(d)(2)(C) of the Act.

Although the Immigration Judge recognized this line of precedential cases, he used a theory of "constructive denial" to assume jurisdiction over the unadjudicated waiver application. However, as discussed above, the Act and the regulations expressly contemplate an initial adjudication of the waiver application before the regional service center director. "To rule otherwise would be to allow circumvention of the regulatory jurisdictional scheme and could serve to encourage aliens to withhold evidence and arguments until the review stage for purposes of delay." *Matter of Anderson, supra*, at 892.

Therefore, we will remand the record to the Immigration Judge for adjournment of the deportation proceedings pending an adjudication of the respondent's waiver application, which was filed with the Service in December 1996. *See* 8 C.F.R. § 242.13 (1997) (regarding continuances). If the conditions of the waiver application are satisfied, the Service shall remove the conditions of the respondent's status. If the application is denied by the Service, then it may be submitted to the Immigration Judge for review pursuant to 8 C.F.R. § 216.5(f). *Matter of Mendes, supra*, at 840; *see also Matter of Gawaran, supra*, at 942 (discussing review of denial of application under section 216(c)(4) of the Act). At that point, the Immigration Judge may conduct further proceedings as he deems necessary and appropriate in light of the existing record.

Accordingly, the following orders will be entered.

**ORDER:**  The respondent's appeal is dismissed.

**FURTHER ORDER:**  The appeal of the Immigration and Naturalization Service is sustained in part, and the record is remanded to the Immigration Judge for further proceedings consistent with this order.

*CONCURRING OPINION:*  Edward R. Grant, Board Member

I respectfully concur with the majority's decision that the instant case should be remanded to the Immigration Judge for adjournment of the proceedings pending an adjudication of the respondent's waiver application. However, I write separately because I find that this case may be decided on narrower grounds than those applied by the majority.

The majority accurately recounts the facts of the instant case. To summarize, the respondent was granted conditional resident status on September 19,

1996, pursuant to section 216(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(a)(1) (1994), based on his marriage to a United States citizen. Less than 1 month after the grant of conditional resident status, the Immigration and Naturalization Service learned that the respondent and his wife were not cohabitating. The Service then affirmatively terminated the respondent's conditional resident status pursuant to section 216(b) of the Act and placed him in deportation proceedings. The Service did *not* provide the respondent with the requisite notice of intent to terminate pursuant to 8 C.F.R. § 216.3(a) (1996). A month later the respondent filed a waiver application with the Service. The Service did not adjudicate the waiver application; rather the Service subsequently lodged a substitute allegation supporting the charge of deportability, contending that the respondent's marriage was terminated judicially on February 21, 1997. Simultaneously, and again without proper regulatory notice, the Service issued a second notice of termination of the respondent's conditional resident status based upon the respondent's divorce.

The regulations provide that *before* termination of conditional resident status can be accomplished, the Service is required to notify the parties involved that the alien's status is being terminated. 8 C.F.R. § 216.3(a). Notification of the intended termination of conditional resident status is to be effected by written notice to the conditional resident so that he or she has an opportunity to review and rebut the evidence upon which the Service's decision is to be based.

The respondent in the instant case was provided no such opportunity. Each time the Service terminated the respondent's conditional resident status, it failed to advise him beforehand of the derogatory information that led to the termination.[1]  Insofar as the respondent did not have notice of the Service's intent to terminate his status, I would find that his conditional permanent resident status was not terminated in accordance with section 216(b) of the Act and the regulations that implement that statute.[2]

Because the respondent's status was not terminated properly before he filed his waiver application, I reject the Service's argument that there is a jurisdictional bar to the adjudication of his waiver application. Furthermore, I concur in that part of the majority's decision which holds that a waiver application may be filed outside the 90-day period preceding the end of the 2-year conditional residence period.

[1]I do not agree with the Immigration Judge's conclusion that the Service was not obligated to give advance notice of the second termination of status (based upon the respondent's divorce, which he obtained after the Service's first termination of status). Although the respondent surely knew that he and his wife were granted a divorce, the respondent may not have known the full range of derogatory information that formed the basis of the Service's second termination of his status and was denied the opportunity to review the Service's documentary evidence in this regard.

[2]The Service contends that the "respondent has not challenged the propriety of the termination due to his divorce and that issue is not before the Board of Immigration Appeals." Although the respondent has not addressed this issue on appeal, I find that this issue is critical to the outcome of this case and that the procedures the Service employed to terminate the respondent's status are directly at issue.