NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued March 27, 2012
Decided June 22, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2649

| | |
|---|---|
| MARIA VIOLETA LEGARDA, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A071 848 618 |
| | |
| ERIC H. HOLDER, JR., Attorney General of the United States, | |
| *Respondent*. | |

## O R D E R

Maria Violeta Legarda petitions for review of a decision of the Board of Immigration Appeals. The Board dismissed her appeal from an Immigration Judge's denial of her motion for a continuance to allow adjudication of her petition to remove conditions on residence. Legarda contends that she was prima facie eligible for a waiver and showed good cause for a continuance and that the Board erred in concluding that her conditional resident status had terminated. We deny the petition.

**I.**

Maria Violeta Legarda is a native and citizen of the Philippines who first entered the United States in 1991 as a non-immigrant visitor. In October 1991, she married a U.S. citizen, he filed an I-130 visa petition on her behalf, and she filed an application for adjustment of status based on their marriage. The petition and application were approved in February 1992, giving Legarda conditional permanent resident status under 8 U.S.C. § 1186a.

In December 1993, Legarda and her husband jointly filed an I-751 petition seeking removal of the conditional basis of Legarda's lawful residency. *See* 8 U.S.C. § 1186a(c)(1)(A). Martial difficulties led to their separation and divorce, and in March 1998, Legarda's former husband withdrew his support for the I-751 petition. In March 1999, the District Director of the Immigration and Naturalization Service (INS) deemed the joint petition withdrawn and denied Legarda's petition to remove conditions on residence, thus terminating her conditional permanent resident status.

On June 29, 2000, the INS served Legarda with a Notice to Appear to answer a charge of removability under section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States for a time longer than permitted. In October 2001, Legarda filed a motion seeking the privilege of voluntary departure. She also requested permission to file another I-751 petition to remove conditions on her residence. The Board construed the petition as a request for a waiver of the joint petition requirement. *See* 8 U.S.C. § 1186a(c)(4)(B). On October 22, 2001, Legarda departed the United States for the Phillippines. She subsequently filed another motion for voluntary departure, even though she had already departed. The motion stated that Legarda "admits the allegations in the Notice to Appear served upon her on June 29, 2000 . . . concedes that she was deportable and removable . . . [and] waives and abandons any form of relief other than voluntary departure." On December 14, 2001, an immigration judge ("IJ") granted her request for voluntary departure. The time for appealing that decision (30 days) came and went.

On September 9, 2002, Legarda returned to the United States, represented that she held conditional resident status, and was admitted. She was scheduled for an interview regarding her second I-751 petition. She failed to appear and did not offer an explanation for her absence or attempt to reschedule the interview. So, on November 3, 2004, the District Director of U.S. Citizenship and Immigration Services (USCIS) denied her second I-751 petition, stating that "the conditional residence status previously accorded you is hereby terminated as of this date." The Director apparently was unaware that Legarda's resident status had already terminated.

In February 2007, Legarda filed a third I-751 petition. A receipt notice for the petition automatically generated by USCIS purported to extend her conditional permanent resident status for one year. *See* 8 C.F.R. § 1216.4(a)(1) ("Upon receipt of a properly filed Form I–751,

the alien's conditional permanent resident status shall be extended automatically, if necessary, until such time as the director has adjudicated the petition.").

On October 31, 2007, the U.S. Department of Homeland Security served Legarda with a Notice to Appear, charging her with removability under section 237(a)(1)(D)(i) of the INA, 8 U.S.C. § 1227(a)(1)(D)(i), as an alien lawfully admitted with permanent resident status on a conditional basis whose status had been terminated, and under section 237(a)(1)(A) of the INA, § 1227(a)(1)(A), as an alien who at the time of entry was inadmissible. The IJ initially granted a 30-day continuance to allow USCIS to rule on Legarda's third I-751 petition. Then in May 2009, he issued a decision, denying a further continuance and finding Legarda removable. The IJ found that Legarda's conditional resident status had been terminated; that she was deportable and had been granted voluntary departure; that she had departed the United States and re-entered in September 2002 by misrepresenting herself as a conditional permanent resident; and that at the time she did not possess or present a valid entry document. The IJ did not find Legarda removable under section 237(a)(1)(D)(i) but found her removable under section 237(a)(1)(A), § 1227(a)(1)(A). He rejected Legarda's argument that USCIS had to adjudicate the I-751 petition before she would be removable.

Legarda argued to the Board that the IJ erred in denying her request for a continuance to await adjudication of her I-751 petition. The Board noted that generally when an alien is prima facie eligible for a waiver, removal proceedings should be continued to allow USCIS to adjudicate the petition. The Board found, however, that Legarda was not prima facie eligible for a waiver because she did "not currently hold any form of resident status" and upheld the IJ's denial of a continuance. The Board further decided that even if Legarda was prima facie eligible, she had not shown good cause for a continuance because she did not present sufficient evidence of her likelihood of success on her waiver petition. Lastly, the Board agreed that Legarda was removable for having been inadmissible at the time of her reentry in 2002. Thus, the Board dismissed the appeal. Legarda petitioned for judicial review.

## II.

Legarda argues that the Board erred in dismissing her appeal of the IJ's denial of a continuance to allow adjudication of her third I-751 petition. She maintains that she showed good cause for a continuance and was prima facie eligible for relief (waiver and removal of conditions from her lawful resident status). She also argues that the Board erred in dismissing her appeal of the denial of her request for removal of conditions on her resident status.

On appeal to the Board, Legarda did not argue that the IJ erred in finding her removable under section 237(a)(1)(A) of the INA, § 1227(a)(1)(A), as an alien who at the time of entry was inadmissible. The Board, however, addressed the matter on its own. Thus,

the issue has been exhausted and is reviewable. *Arobelidze v. Holder*, 653 F.3d 513, 517 (7th Cir. 2011).

Likewise, here, Legarda has not challenged the Board's conclusion that she was removable under section 237(a)(1)(A), § 1227(a)(1)(A). This conclusion was based on the determination that she no longer held conditional resident status. Legarda therefore has forfeited any right to contest this independent basis for the Board's decision, *Tandia v. Gonzales*, 487 F.3d 1048, 1052 (7th Cir. 2007); *Huang v. Gonzales*, 403 F.3d 945, 951 (7th Cir. 2005), which is fatal to her petition for review.

We could stop here, but even setting forfeiture aside, the petition should be denied. We review the denial of a continuance for abuse of discretion. *Jonaitiene v. Holder*, 660 F.3d 267, 272 (7th Cir. 2011). The Board abuses its discretion if its decision is arbitrary, irrational, or contrary to law. *See Fessehaye v. Gonzales*, 414 F.3d 746, 752 n.5 (7th Cir. 2005). The Board's decision in this case was none of these. Instead, the Board correctly decided that Legarda failed to show prima facie eligibility for relief.

A conditional permanent resident loses her status as a lawful permanent resident upon the entry of a final administrative order of removal. *Matter of Lok*, 18 I. & N. Dec. 101, 105 (BIA 1981). If "no appeal to the Board is taken," an order of removal becomes administratively final "when appeal is waived or the time allotted for appeal has expired." *Id.* In other words, an alien can no longer establish lawful permanent resident status upon the entry of a final administrative order of removal. *Id.* at 107-08; *see also* 8 C.F.R. § 216.5(a)((2) ("A conditional resident who is in . . . removal proceedings may apply for the waiver [under section 216(c)(4) of the INA] only until such time as there is a final order of . . . removal."). Legarda tries to distinguish *Lok* on the ground that the alien in that case fell into a "unique category of immigrants," but the category an alien is in has no bearing on the issue of when an order of removal becomes administratively final.

The District Director terminated Legarda's conditional permanent resident status in 1999. Although Legarda could have challenged that decision in removal proceedings, 8 C.F.R. § 1216.4(d)(2), she did not. Instead, she sought voluntary departure, waived and abandoned any relief other than voluntary departure, and departed the United States. And on December 14, 2001, the IJ entered an order granting her request for voluntary departure. That order became administratively final at the latest when the time to appeal to the Board expired in January 2002. *See* 8 C.F.R. §§ 1003.3(a)(1), 1003.38(b), 1240.53(a) (stating that an appeal to the Board "shall be filed within 30 calendar days after the mailing of a written decision" of an IJ). At that time, Legarda lost and could no longer establish lawful permanent resident status. Thus, she had no lawful permanent resident status upon her return to the United States in September 2002 and should not have been admitted. Furthermore, she had no conditional lawful permanent resident status when in February 2007 she filed her third I-751 petition. Therefore, she was not prima facie eligible for the relief she seeks, namely removal of conditions on her resident status.

Contrary to Legarda's claim, both the Board and IJ explained why she would not be prima facie eligible for a waiver. They concluded that her resident status previously had been terminated. Indeed, the Board determined that her "conditional resident status terminated with the expiration of the time to appeal the [IJ's] December 14, 2001, order granting her request for voluntary departure."

Legarda asserts that "the primary purpose for the granting of a continuance is to allow the Service [USCIS] to adjudicate the waiver application." Although Legarda filed a third I-751 waiver petition, there is nothing for USCIS to do other than deny her petition because she no longer holds any resident status. The regulations concerning waivers presume that the one applying for the I-751 waiver is a "conditional resident." *See* 8 C.F.R. §§ 216.5(a)(1) ("A conditional resident alien . . . may file Form I-751[.]"), 1216.4(a)(1) ("[T]he conditional permanent resident may apply for a waiver of the requirement to file the joint petition[.]"). USCIS did issue Legarda a receipt notice for her third I-751 waiver petition, purporting to extend her previously terminated conditional permanent resident status for one year. But she has not responded to the argument or the Board's conclusion that after the termination of her status by the IJ's final administrative order, USCIS had no jurisdiction to admit her as a conditional permanent resident in 2002 or adjudicate her I-751 petition. In other words, USCIS lacked authority to reinstate Legarda's conditional resident status and effectively override the IJ's final decision terminating her resident status. *Cf. Estrada-Ramos v. Holder*, 611 F.3d 318, 321 (7th Cir. 2010) (noting that "the BIA has held that 'lawfully admitted for permanent residence' does not apply to aliens who 'obtained their permanent resident status by fraud, or had otherwise not been entitled to it'") (quoting *In re Koloamatangi*, 23 I. & N. Dec. 548, 550 (BIA 2003)).

Because Legarda has not shown prima facie eligibility for a waiver, *Matter of Stowers*, 22 I. & N. Dec. 605 (BIA 1999), and *Matter of Mendes*, 20 I. & N. Dec. 833 (BIA 1994), which she cites, are inapposite. *Stowers* holds that an alien may apply for waiver of the joint petition requirements for removal of conditions on residence even after her conditional resident status has been terminated by the INS (now USCIS). 22 I. & N. Dec. at 611-12. It also holds that where an alien is prima facie eligible for a waiver, removal proceedings should be continued to allow the INS (now USCIS) to decide the waiver application. *Id.* at 613-14. *Mendes* holds that where an alien in deportation proceedings has not filed a waiver application and is prima facie eligible for such relief, the proceedings should be continued to allow the alien to file an application and to allow the director to decide the application. 20 I. & N. Dec. at 840. In contrast, Legarda's conditional resident status has been terminated not only by USCIS but by an IJ's final administrative order. Therefore, she no longer has any status for which to seek removal of conditions and she is not prima facie eligible for a removal of conditions on her residence. Accordingly, the Board did not abuse its discretion in upholding the IJ's denial of a continuance.

Nor did the Board abuse its discretion in finding that Legarda failed to show good

cause for a continuance. "A continuance requires a showing of good cause." *Mozdzen v. Holder*, 622 F.3d 680, 684 (7th Cir. 2010); 8 C.F.R. § 1003.29. When an alien seeks a continuance of removal proceedings to allow USCIS to decide a pending petition, an IJ should focus on the likelihood of success on the petition, *see Matter of Rajah*, 25 I. & N. Dec. 127, 130, 136 (BIA 2009); *see also Pede v. Gonzales*, 442 F.3d 570, 571 (7th Cir. 2006) (noting the "ultimate hopelessness" of an application was a "perfectly acceptable basis" for the IJ's denial of a request for a continuance), which requires some consideration of the petition's merits, *Rajah*, 25 I. & N. Dec. at 136. Thus, the alien may be required to provide evidence of eligibility for the relief sought, including the petition and relevant supporting documents. *See id.* Legarda presented no such evidence, including evidence that her marriage was in good faith.

For these reasons, the petition for review is DENIED.