FILED
United States Court of Appeals
Tenth Circuit

June 2, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AHMAD KADIM,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 13-9571
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Ahmad Kadim, a native and citizen of Iraq, petitions for review of the Bureau

of Immigration Appeals (BIA) decision affirming the immigration judge's (IJ)

decision ordering him removed and denying his request for an extreme-hardship

waiver. We dismiss the petition in part for lack of jurisdiction and deny the

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

remainder of the petition for failure to assert viable constitutional or legal claims. *See* 8 U.S.C. §§ 1252(a)(2)(B)(ii), (D) (denying jurisdiction to review discretionary decisions, but not precluding court's review of constitutional claims or legal questions).

## I. Background

Mr. Kadim married Stephanie Mistretta, a United States citizen, in Ammon, Jordan in October 2000. Based on the marriage, he entered the United States on January 8, 2001, as a conditional permanent resident. *See* 8 U.S.C. § 1186a(a)(1) (providing that alien who marries United States citizen "obtain[s] the status of an alien lawfully admitted for permanent residence" on "conditional basis"). On January 10, 2003, the two purportedly filed a joint petition to remove the conditions on his residence status.[1] *See id.* § 1186a(d)(2)(A) (requiring joint petition to be filed "during the 90-day period before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence"). Ms. Mistretta withdrew the petition on June 15, 2004. On June 22, the United States Citizenship and Immigration Services (USCIS) terminated Mr. Kadim's conditional-permanent-resident status under 8 U.S.C. § 1186a(c)(3)(C), because the conditions on his residence had not been lifted.

---

[1] Ms. Mistretta testified that she never signed the joint petition.

Mr. Kadim then sought a waiver for extreme hardship, citing his life-long struggle with kidney disease and need for medical care.[2] *See id.* § 1186a(c)(4)(A) (permitting alien to apply for discretionary waiver of joint filing requirement if he can show removal would result in extreme hardship). After the USCIS denied a waiver on August 23, 2008, and again terminated his conditional-permanent-resident status, Immigration and Customs Enforcement placed him in removal proceedings, charging him with being a conditional permanent resident with terminated status, *see id.* § 1227(a)(1)(D)(i).

In removal proceedings, Mr. Kadim conceded that his conditional-permanent-resident status had terminated on September 18, 2008, the date set forth on the notice to appear. He renewed his application for a waiver. *See id.* § 1186a(c)(3)(D) (permitting "alien whose permanent resident status is terminated" to request review in removal proceedings). The IJ denied relief, concluding that Mr. Kadim had not qualified for the extreme-hardship exception before the USCIS terminated his conditional-permanent-resident status. In reaching this conclusion, the IJ determined that Mr. Kadim was required to prove extreme hardship between his entry into the United States (January 8, 2001) and the termination date (June 22, 2004). Although recognizing that Mr. Kadim had kidney problems before he entered the United States,

---

[2]     Mr. Kadim also sought a waiver because he allegedly had entered into his marriage in good faith but could not file a joint petition because the marriage had ended in divorce. *See* 8 U.S.C. § 1186a(c)(4)(B). He no longer asserts a good-faith marriage as a basis for a waiver.

the IJ determined that extreme hardship due to renal failure did not occur until 2011, six years after termination of conditional-permanent-resident status. Even if Mr. Kadim had qualified for the hardship waiver, the IJ indicated that he would have exercised his discretion to deny a hardship waiver in light of Mr. Kadim's "massive marriage fraud" and perpetuation of the fraud before the agency, as well as his physical abuse of and threats to Ms. Mistretta. Admin. R. at 82. Mr. Kadim appealed to the BIA.

In a decision by a single board member, the BIA dismissed the appeal. The BIA found, contrary to Mr. Kadim's argument, that the IJ did not require Mr. Kadim to show that he entered into the marriage in good faith in order to show extreme hardship and that the IJ properly considered hardship between the time Mr. Kadim was admitted to the United States as a conditional permanent resident and the time the USCIS terminated that status. Within that time period, his kidney disease caused extreme hardship only after his conditional-permanent-resident status terminated in 2004. In rejecting Mr. Kadim's assertion that the IJ violated his due process rights, the BIA concluded that the IJ based his decision on the evidence in the record and that Mr. Kadim did not show that the proceedings were fundamentally unfair.

## II. Discussion

### A. Standard of Review

We lack jurisdiction to review the agency's discretionary decision to deny a hardship waiver to an eligible alien. *See Iliev v. Holder*, 613 F.3d 1019, 1023

(10th Cir. 2010) (citing 8 U.S.C. §§ 1186a(c)(4), 1252(a)(2)(B)(ii)).  But we have jurisdiction to review the petition to the extent it contends that the agency's actions implicate constitutional claims or legal questions.  *See id*. at 1022, 1023.  We review claims of constitutional or legal error de novo.  *Lorenzo v. Mukasey*, 508 F.3d 1278, 1282 (10th Cir. 2007).

### B.  Extreme-Hardship Waiver

Mr. Kadim argues that § 1186a(c)(4) does not set forth a good-faith-marriage requirement for extreme-hardship waiver and the BIA wrongly required him to show that he entered into his marriage in good faith in order to qualify for an extreme-hardship waiver.  It is true that "the plain language of the statute does not require a good faith marriage to obtain an extreme hardship waiver."  *Waggoner v. Gonzales*, 488 F.3d 632, 633 (5th Cir. 2007).  But the BIA did not require a good-faith marriage when it upheld the IJ's determination that the extreme-hardship waiver did not apply.  Like the IJ, the BIA explicitly recognized that the extreme-hardship and good-faith-marriage waivers are independent and have separate requirements.[3]  Accordingly, we conclude that there was no legal error.

---

[3]     It was only after Mr. Kadim failed to meet the statutory prerequisite of demonstrating extreme hardship that the IJ stated (in dicta) that based on the fraudulent marriage, the IJ would not have exercised his discretion even if Mr. Kadim had shown extreme hardship.  *See* 8 U.S.C. § 1186a(c)(4) (requiring alien to demonstrate extreme hardship before Secretary of Homeland Security may exercise discretion to grant or deny waiver); *see also Waggoner*, 488 F.3d at 637 (stating that once alien shows extreme hardship would result from removal, agency then decides whether to exercise discretion to remove conditions of permanent residence).

**C. Termination of Conditional-Permanent-Resident Status**

Mr. Kadim argues that the BIA did not properly consider his conditional-permanent-resident status. Although he admits that the USCIS terminated his conditional-permanent-resident status in 2004, he contends that he retained that status during the review of his removal proceedings, because only the IJ or the BIA can terminate conditional-permanent-resident status by a final order of removal. Thus, he maintains that the evidence of extreme hardship was not limited to the time between October 2000, when he obtained conditional-permanent-resident status, and October 2002, when it was terminated, and the IJ and BIA should have considered his evidence of latter hardship due to kidney disease.

Legal authority does not support Mr. Kadim's argument. "In determining extreme hardship, the Secretary of Homeland Security shall consider circumstances occurring only during the period that the alien was admitted for permanent residence on a conditional basis." 8 U.S.C. § 1186a(c)(4). This "statute provides both a start date and an end date for the period during which the relevant circumstances must occur." *In re Singh*, 24 I. & N. Dec. 331, 333 (BIA 2007). Termination of conditional-permanent-resident status occurs "as of the date of the determination." 8 U.S.C. § 1186a(c)(3)(C). Thus, "conditional resident status . . . technically ends when the [USCIS] terminates such status . . . ." *In re Stowers*, 22 I. & N. Dec. 605, 612 (BIA 1999); *see also* 8 C.F.R. § 216.3(a) ("The termination of status . . . shall take effect as of the date of such determination by the director, although the alien

- 6 -

may request a review of such determination in removal proceedings."). Even after conditional resident status is terminated, a former conditional resident may apply for a hardship waiver. *Stowers*, 22 I. & N. Dec. at 613. If he does so, he temporarily retains his former status pending review in removal proceedings. *Id*. at 612 n.10.

Applying this law to Mr. Kadim's situation, it is clear, as the agency found, that Mr. Kadim's conditional-permanent-residence status was terminated on June 22, 2004. The statute requires that "extreme hardship" be determined between the start of his conditional-permanent-resident status and its termination, 8 U.S.C. §§ 1186a(c)(3)(C), (c)(4); temporarily retaining conditional-permanent-resident status during removal proceedings does not negate this statutory requirement. Indeed, Mr. Kadim provides no law, and we have found none, supporting an assertion that temporary retention of status would extend the time period for demonstrating extreme hardship beyond the June 22, 2004, date of termination. Furthermore, Mr. Kadim admitted in IJ proceedings that his conditional-permanent-resident status terminated before IJ proceedings began. *See* Admin. R. 87, 459. He cannot argue now that his status continued until the agency entered a final order of removal. Because there was no legal error, we deny this claim.

### D. IJ's Interpretation of Medical Evidence

Lastly, Mr. Kadim argues that the IJ supplanted the medical evidence with his own conclusions regarding Mr. Kadim's health and the BIA accepted those conclusions without analysis. Mr. Kadim maintains that due process requires the IJ

to support his decision with evidence in the administrative record, which shows that he has suffered from kidney disease his entire life and is now on a waiting list for a kidney transplant. Despite arguing a denial of due process, Mr. Kadim in essence challenges the IJ's weighing of the evidence, a matter we lack jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Iliev*, 613 F.3d at 1022, 1027. Because Mr. Kadim fails to raise a colorable legal or constitutional question, we dismiss this claim for lack of jurisdiction.

## III. Conclusion

The petition for review is dismissed in part for lack of jurisdiction and denied in part.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge