# MATTER OF TEE

## In Deportation Proceedings

### A-26748296

*Decided by Board January 10, 1995*

An alien becomes statutorily ineligible for approval of a joint petition under section 216(c)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(c)(1) (1988), where the marriage has been terminated prior to adjudication of the petition by the immigration judge.

CHARGE:

Order: Act of 1952—Sec. 241(a)(9)(B) [8 U.S.C. § 1251(a)(9)(B)]—Conditional resident status terminated

ON BEHALF OF RESPONDENT:
Keith W. Bell, Esquire
3351 Arctic Boulevard
Anchorage, Alaska 99503

ON BEHALF OF SERVICE:
Robert Solmonson
District Counsel

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members; Holmes, Alternate Board Member

The respondent has appealed from the March 14, 1991, decision of an immigration judge finding her deportable as charged and denying her joint petition to remove the conditional basis of her lawful permanent resident status under section 216 of the Immigration and Nationality Act, 8 U.S.C. § 1186a (1988), as well as her request for the privilege of voluntary departure. During the pendency of this appeal, the respondent filed a motion to remand the record to the immigration judge in order to present an application for a waiver under section 216(c)(4) of the Act, 8 U.S.C. § 1186a(c)(4) (Supp. V 1993). The record will be remanded to the immigration judge for further proceedings.

The respondent is a 33-year-old native and citizen of Malaysia. She entered the United States on January 30, 1981, as a nonimmigrant student. On April 22, 1986, the respondent married Arthell Hubbard, a United States citizen. On the basis of a petition filed by her husband, the respondent was granted lawful permanent resident status on a

949

conditional basis under section 216(a) of the Act on January 9, 1987. In order to remove the conditional basis of the lawful permanent residence, section 216(c)(1) of the Act requires the alien and his or her petitioning spouse to file a joint petition during the 90-day period before the second anniversary of the date the alien obtained that status. The respondent and her husband did so on December 12, 1988. However, on April 21, 1989, during the pendency of the interview and investigation process by officers of the Immigration and Naturalization Service, the respondent was divorced from her United States citizen husband. The record is not clear as to whether the district director was notified of the divorce or not. Upon conclusion of the investigation, the district director denied the joint petition on February 7, 1990. The respondent was accordingly placed in deportation proceedings by issuance of an Order to Show Cause and Notice of Hearing (Form I-221) on May 8, 1990.

The respondent appeared before the immigration judge and submitted the joint petition for review pursuant to section 216(c)(3)(D) of the Act. At the time of the hearing in this matter, the respondent was remarried to another United States citizen, by whom she was expecting a child. Upon conclusion of the evidence and testimony of the parties, the immigration judge issued a decision finding that the respondent had entered into her first marriage in order to secure an immigration benefit. The joint petition was accordingly denied. Voluntary departure was also denied, both on grounds of statutory ineligibility and in the exercise of discretion. The respondent appealed, asserting that the evidence does not support a finding that the marriage was not bona fide and arguing that her applications for relief were improperly denied.

Upon consideration of the record of proceedings, we find that the immigration judge should not have considered the merits of the joint petition under section 216(c)(1) of the Act as the respondent was statutorily ineligible for such relief.

In a deportation proceeding where the immigration judge is reviewing a joint petition denied by the Service on its merits,

> the burden of proof shall be on the Attorney General to establish, by a preponderance of the evidence, that the facts and information described in subsection (d)(1) and alleged in the petition *are not* true with respect to the qualifying marriage.

Section 216(c)(3)(D) of the Act (emphasis added); *see also* 8 C.F.R. § 216.4(d)(2) (1994). Among the "facts and information" which the Service must prove untrue is the allegation by joint petitioners that "the qualifying marriage ... *has not been* judicially annulled or terminated, other than through the death of a spouse." Section

216(d)(1)(A)(II) of the Act (emphasis added); *see also* 8 C.F.R. § 216.4(a) (1994).

Thus, the Act requires the Service to demonstrate in deportation proceedings that the facts and information in the petition "*are not true*" with respect to the marriage, and the joint petition must include information to the effect that the marriage "*has not been*" annulled or terminated. Considering that the Act requires a present demonstration that the marriage has not been annulled or terminated, it is clear that the qualifying marriage must be ongoing in order for a joint petition to be approved. We accordingly find by the plain meaning of the Act that an alien becomes statutorily ineligible for approval of a section 216(c)(1) joint petition upon termination of the marriage, other than through the death of the spouse, before its adjudication by an immigration judge.

This holding is consistent with the statutory scheme enacted as section 216 of the Act by the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537. Under that scheme, the joint petition procedure is an extension of the initial visa petition procedure of section 204 of the Act, 8 U.S.C. § 1154 (1988 & Supp. V 1993). *Matter of Mendes*, 20 I&N Dec. 833 (BIA 1994). As such, the petitioning spouse is clearly considered an integral part of the process of removal of the conditional basis of the alien's lawful permanent resident status under the joint petition procedure. *Id.* In this connection, we note that the regulations have long provided that the legal termination of the marriage between a petitioner and the beneficiary of a relative visa petition, prior to the alien's adjustment of status or entry on the basis of that petition, constitutes automatic revocation of the petition, even though it was already approved. 8 C.F.R. § 205.1(a)(4) (1994).[1] Thus, it is consistent with the existing statutory and regulatory scheme to hold that divorce automatically withdraws the joint petition from consideration.

Moreover, where the marriage has been terminated, the respondent is still entitled under the statutory scheme to apply for a waiver of the requirement to file a joint petition under section 216(c)(4) of the Act. This gives the alien an opportunity to demonstrate that the conditional basis of the permanent residence should be removed despite the termination of the marriage. *See generally Matter of Mendes, supra; Matter of Balsillie*, 20 I&N Dec. 486 (BIA 1992).

Accordingly, since the respondent was not married to the petition-

---

[1] We note that the joint petition provisions of the Act make allowance for the death of a petitioning spouse, just as do the regulations governing initial eligibility for a relative petition. *Compare* 8 C.F.R. §§ 204.2(b) *and* 205.1(a)(3) (1994) *with* section 216(d)(1)(A)(i)(II) of the Act.

ing spouse at the time of the hearing, she was no longer eligible for relief from deportation by means of a joint petition to remove the conditional basis of her lawful permanent resident status. Thus, the petition should have been denied for statutory ineligibility, thereby obviating consideration of the merits of the petition.

On July 24, 1991, soon after the immigration judge's decision in this case, the respondent filed an application with the district director for a waiver under section 216(c)(4)(A) of the Act. The district director subsequently denied the petition, and the respondent then filed a motion with this Board to remand this matter to the immigration judge so that the denial of the petition could be reviewed pursuant to 8 C.F.R. § 216.5(f) (1994). We have held that where a respondent becomes statutorily eligible for a waiver under section 216(c)(4) by virtue of changed circumstances, she may request a continuance of deportation proceedings in order to submit the waiver request to the Service for adjudication. *Matter of Anderson*, 20 I&N Dec. 888 (BIA 1994); *Matter of Mendes, supra.* Here, the changed circumstance of the respondent's divorce actually occurred before the initiation of deportation proceedings. However, in view of the erroneous assumption by all of the parties to this proceeding, including the immigration judge, that presentation of the merits of the joint petition in deportation proceedings was nevertheless appropriate, we shall remand the record for consideration of the waiver request, and for such other matters as are consistent with this opinion.

We note that one of the reasons the Service opposed the motion to remand was that the respondent had not paid a filing fee for a motion to reopen. Where a motion to remand is in the nature of a motion to reopen, it must comply with the substantive requirements for a motion to reopen. *Matter of Coelho*, 20 I&N Dec. 464 (BIA 1992). However, a filing fee is not required for a motion to remand.

With regard to the joint petition, we have not here addressed the bona fides of the respondent's marriage to Arthell Hubbard for the same reason that the petition should not have been considered by the immigration judge. If another application is presented, the relevance of the testimony and evidence already submitted to the immigration judge can be considered at that time.

**ORDER:** The record is remanded to the immigration judge for further proceedings consistent with this opinion and the entry of a new decision.