

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2004

# Kanafani v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3295

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Kanafani v. Atty Gen USA" (2004). *2004 Decisions.* Paper 633.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/633

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-3295

IBRAHIM EL KANAFANI
Petitioner

v.

JOHN ASHCROFT, Attorney General of the United States,
Respondent

On Petition for Review of an Order of the Board of Immigration Appeals
No. A75-446-823

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2004

BEFORE:  ROTH and STAPLETON, Circuit Judges, and
SCHWARZER,* District Judge

(Opinion Filed       June 1, 2004        )

* Hon. William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Petitioner Ibrahim El Kanafani seeks review of an Immigration Judge's order denying his motion to reopen removal proceedings. El Kanafani requested that the Immigration Judge ("IJ") reopen his removal proceedings and stay those proceedings because he had filed a "good faith marriage waiver" application with the former Immigration and Naturalization Service ("INS") based upon changed circumstances, albeit after the IJ had entered a departure order. The IJ denied the motion to reopen because, he held, he was without authority to stay removal proceedings pending the INS's determination of the waiver application. That denial was summarily affirmed by the Board of Immigration Appeals ("BIA").

We hold that the IJ abused his discretion in denying the motion for the reason he stated because, as a matter of law, he was not without authority to grant such a "stay." The BIA has directed immigration judges to grant continuances where an alien can make a *prima facie* showing that he or she is eligible for the waiver El Kanafani sought. Accordingly, we will grant the petition for review. We express no opinion as to the Government's suggestion that the IJ could have determined, under the facts of this case, that El Kanafani was unable to make such a *prima facie* showing.

El Kanafani, who became a conditional permanent resident by virtue of his marriage to a United States citizen, was required to file with his spouse a timely joint petition to remove that conditional status. *See* 8 U.S.C. § 1186(c)(1). After a timely joint petition was filed, El Kanafani's spouse provided a sworn statement to the INS indicating that she had agreed to marry El Kanafani for money and that El Kanafani forged her signature on the previously-filed joint petition. The INS treated the petition as not having been a "joint" petition, and terminated conditional permanent resident status for failure to file a joint petition. According to the IJ's opinion denying the motion to reopen, El Kanafani conceded removability and sought voluntary departure at his removal hearing on February 6, 2002. The IJ's order from that day indicates that El Kanafani waived his right to an administrative appeal.

El Kanafani obtained a divorce from the State of New Jersey on February 20, 2002. On April 6, 2002, as discussed below, El Kanafani filed a waiver application with the appropriate INS regional service center director, asking the INS to waive the joint petition requirement. On April 22, 2002, El Kanafani filed a timely motion to reopen the February 6, 2002 order. The immigration judge denied the motion. After the BIA affirmed that denial without opinion, El Kanafani filed a timely petition for review with our Court.

II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of removal. We may review an immigration judge's denial of a motion to reopen immigration proceedings, after it is affirmed by the BIA, as the agency's final action. *See Nocon v. INS*, 789 F.2d 1028, 1032-33 (3d Cir. 1986) ("[W]e can review final deportation orders . . . as well as orders denying motions to reopen. . . . These orders [denying motions to reopen], however, are independently reviewable final orders. . . ."); *see also Bak v. INS*, 682 F.2d 441, 442-43 (3d Cir. 1982) (court of appeals lacked jurisdiction over petition for review because aliens did not appeal the IJ's denial of motion to reopen to the BIA, resulting in failure to exhaust administrative remedies); *cf. Sevoian v. Ashcroft*, 290 F.3d 166, 169 (3d Cir. 2002) (federal court of appeals may review BIA's denial of a motion to reopen).[1]

---

[1] 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a)[, which governs asylum,] of this title." Our Court recently determined that this section "bars us from reviewing the discretionary denial of waivers under 8 U.S.C. § 1186a(c)(4)," *Urena-Tavarez v. Ashcroft*, ___ F.3d ___, 2004 WL 991109, *7 (3d Cir. 2004), the statute under which El Kananfani ultimately will seek a waiver after we remand for further proceedings.

If the IJ had granted El Kanafani's motion to reopen and a continuance so that the appropriate regional service center director could pass on El Kanafani's request for a waiver under § 1186a(c)(4), as discussed below, the IJ would then have jurisdiction to review a denial of that request. Under *Urena-Tavarez*, we would then not have jurisdiction to review that determination.

In this case, no discretion has been exercised with respect to a § 1186a(c)(4) waiver. Instead, as discussed below, we are asked to review the IJ's refusal to reopen immigration proceedings and provide a continuance, purportedly under BIA precedent. *Urena-Tavarez* and § 1252(a)(2)(B)(ii) are, therefore, not implicated.

4

"[W]hen the BIA issues an [affirmance without opinion] under the streamlining regulations," as occurred here, "we review the IJ's opinion and scrutinize its reasoning." *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (*en banc*).

We review the denial of a motion to reopen under an abuse of discretion standard. *See INS v. Doherty*, 502 U.S. 314, 323 (1992); *Sevoian*, 290 F.3d at 169-74 (3d Cir. 2002). The Supreme Court has held that "[m]otions for reopening of immigration proceedings are disfavored," and noted that "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Doherty*, 502 U.S. at 323. Accordingly, the discretionary denial of a motion to reopen "will not be disturbed unless [it is] found to be arbitrary, irrational or contrary to law." *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994) (internal quotation marks and citations omitted).

III.

We address first the legal framework providing for waivers of the joint petition requirement discussed above and allowing for motions to reopen an immigration judge's decision. Based upon that framework, we then determine whether the IJ abused his discretion in denying El Kanafani's motion to reopen on the ground that an immigration judge was without authority to grant the relief requested.

A.

The INS may waive the joint petition requirement on several grounds. The waiver

5

request El Kanafani submitted to the regional service director sought relief under 8

U.S.C. § 1186a(c)(4)(B), which provides that

> [t]he Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to [submit a *joint* petition with his or her spouse and appear for a *joint* interview with the INS] if the alien demonstrates that . . . the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to [submit the *joint* petition and appear for the *joint* interview].

*Id.* (the "waiver application" or "waiver"); *see also* 8 C.F.R. § 216.5(a)(1)(ii).

Pursuant to 8 C.F.R. § 216.5(c), waiver applications are to be filed with the

regional service center director having jurisdiction over an alien's place of residence.

The regulations further provide that "[n]o appeal shall lie from the decision of the

director; however, the alien may seek review of such decision in removal proceedings."

*Id.* § 216.5(f).

The BIA has held, on several occasions, that if an alien can demonstrate *prima

facie* eligibility for a waiver to an IJ during removal proceedings, the immigration judge

should continue removal proceedings in order to provide the alien a "reasonable

opportunity" to file a waiver application with the appropriate regional service center

director.[2]  Furthermore, during the pendency of a timely administrative appeal, the BIA

---

[2]  *See, e.g.*, *Matter of Mendes*, 20 I. & N. Dec. 833, 840 (BIA 1994) ("when a respondent in deportation proceedings has not filed an application for a waiver under [8 U.S.C. § 1186a(c)(4)] and is *prima facie* eligible for such relief, the proceedings should be continued in order to grant the respondent a reasonable opportunity to file the application before the regional service center director and for the center director to decide

6

has granted an alien's motion to remand to an IJ so that a continuance may be granted where an alien sought to submit a waiver application to the appropriate regional service center director, suggesting that it would be appropriate to do so where there have been "changed circumstances." *See Matter of Tee*, 20 I. & N. Dec. 949, 952 (BIA 1995).

El Kanafani did not file a timely administrative appeal with respect to the IJ's February 6, 2002 order, but did file a timely motion to reopen with the IJ on the grounds that his circumstances had changed. He indicated that he was now potentially eligible for a waiver of the joint petition requirement because his marriage had been terminated. *See* 8 U.S.C. § 1186a(c)(4)(B). Under 8 U.S.C. § 1229a(c)(6)(A), an alien subject to removal proceedings may file one motion to reopen "within 90 days of the date of entry of a final administrative order of removal." *Id.* Pursuant to 8 C.F.R. § 1003.23(b)(3),

> A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material.
> * * *
> A motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is *material* and *was not available and could not have been discovered or presented at the former hearing*. A motion to reopen for the purpose of providing the alien an

the application"); *In re Stowers*, 22 I. & N. Dec. 605, 1999 BIA Lexis 8, *22 (BIA 1999) (citing *Mendes* and concluding that "the Immigration Judge erred by not continuing proceedings to allow the Service to adjudicate the respondent's waiver application"); *see also Matter of Anderson*, 20 I. & N. Dec. 888, 892 (BIA 1994) (citing *Mendes* and noting that "if the respondent had become statutorily eligible to apply for the [8 U.S.C. § 1186a(c)(4)(B)] waiver by virtue of changed circumstances, *i.e.*, through the termination of her marriage between the time that her waiver application was denied and her appearance before the immigration judge, she could have sought a continuance from the immigration judge to pursue her alternative application with the Service").

7

opportunity to apply for *any form of discretionary relief* will not be granted if it appears that the alien's right to apply for such relief was fully explained to him or her by the Immigration Judge and an opportunity to apply therefore was afforded at the hearing, unless the relief is sought on the basis of *circumstances that have arisen subsequent to the hearing*.

*Id.* (emphasis added).

B.

El Kanafani's motion to reopen included: an affidavit indicating that a divorce was granted, a certified copy of his February 20, 2002 judgment of divorce, and a copy of his waiver application filed with the appropriate regional service center director, along with a receipt from that service center indicating that the waiver application had been received. The motion to reopen requested that the IJ reopen the removal proceedings and that "[r]espondent be afforded the opportunity to continue his [waiver application] and apply for relief in the form of a hardship waiver." The motion additionally requested that "[r]espondent's file be reopened and remanded to the Immigration & Naturalization Service to complete adjudication of Respondent's [waiver application]."

In ruling on El Kanafani's timely motion to reopen, the IJ denied the motion because he believed that he was without authority to stay removal proceedings pending the INS's exercise of its jurisdiction to dispose of, in the first instance, a waiver application:

> The I&NS has original jurisdiction over a good faith marriage waiver filed pursuant to 8 C.F.R. § 216.5. The immigration judge's jurisdiction over such a waiver commences after the initial adjudication by the regional service center Director, *Matter of Lemhammad*, 20 I. & N. Dec. 316, 322

8

(BIA 1991). Therefore, the respondent's motion to reopen does not in fact seek any form of relief that the immigration judge can properly consider. There are presently no applications or petitions pending before the immigration court. The [regional service center director] is the appropriate person to determine whether the respondent's removal should be stayed until the waiver can be adjudicated.

The IJ held that, if proceedings were reopened, he would be legally without authority to "stay" removal proceedings on the basis of a waiver application pending with the appropriate regional service center director. Citing no authority, the IJ suggested that the regional service center director was the only one with authority to "stay" removal proceedings.

The IJ's reliance on *Lemhammad*, decided before the BIA's decisions in *Mendes*, *Stowers*, *Anderson*, and *Tee*, is of little help. *Lemhammad* held that where an alien refused to seek to "have his hardship waiver adjudicated by the appropriate service center director" and had ignored the "jurisdictional [requirement that a waiver application be filed with the appropriate regional service center director] altogether and merely argued the merits of the application [to the IJ]," it was axiomatic that "immigration judge lack[s] jurisdiction to rule on the [waiver application]. . . ." *Matter of Lemhammad*, 20 I. & N. Dec. 316, 323 (BIA 1991); *see Anderson*, 20 I. & N. Dec. at 892 (citing *Lemhammad* and noting that "the immigration judge only has jurisdiction to review the denial of a waiver application"). El Kanafani does not dispute that the regional service center director possesses jurisdiction to initially pass on his waiver application. El Kanafani merely argues that he is entitled to a continuance so that the director may utilize that jurisdiction.

9

Under *Mendes*, *Stowers*, *Anderson*, and *Tee*, the IJ's belief that he was without authority to continue the removal proceedings pending the regional service center director's determination on the waiver application was contrary to established BIA precedent. "[T]he BIA should be accorded [*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)] deference as it gives ambiguous statutory terms 'concrete meaning through a process of case-by-case adjudication.'" *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 448-49 (1987)). The Government has not challenged under *Chevron* the BIA's determination in the above cases with respect to an IJ's authority to grant continuances. The IJ's denial of El Kanafani's motion to reopen was, therefore, contrary to law and an abuse of discretion.

IV.

The Government suggests that we dismiss El Kanafani's petition for review based upon an alternate theory upon which the IJ could have denied El Kanafani's motion to reopen. The Government notes that in order to be eligible for a continuance, under the BIA's decisions in *Mendes* and *Stowers*, El Kanafani would have to demonstrate his *prima facie* eligibility for a waiver to the IJ. The implementing regulation for 8 U.S.C. § 1186a(c)(4), the waiver provision, provides that "[a] conditional resident who is in exclusion, deportation, or removal proceedings may apply for the waiver only until such time as there is a final order of exclusion, deportation or removal." 8 C.F.R. §

10

216.5(a)(2).  Furthermore, under 8 C.F.R. § 1003.39, "[e]xcept when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first."  *Id.; see also Matter of Shih*, 20 I. & N. Dec. 697, 698 (BIA 1993) (alien who waived right to administrative appeal cannot file an administrative appeal absent filing a motion with the immigration judge challenging whether his or her waiver was "knowingly and intelligently made").

The Government suggests that when El Kanafani waived his right to appeal on February 6, 2002, the IJ's removal order became final on that date.  While this Court can exercise jurisdiction over the denial of the motion to reopen as a new, independently reviewable final order,[3] the February 6, 2002 order (issued on the same day that El Kanafani waived his appeal) was, under 8 C.F.R. § 1003.39, a final order.  Accordingly, the Government argues that El Kanafani's motion to reopen did not make a *prima facie* showing of his eligibility for a waiver under 8 C.F.R. § 216.5(a)(2) (allowing for a waiver only until "such time as there is a final order of . . . removal") because he had already been subject to a final order of removal under 8 C.F.R. § 1003.39.

We can uphold an agency's "decision of less than ideal clarity . . . if the agency's path may be reasonably discerned. . . ."  *W.R. Grace & Co. v. U.S. E.P.A.*, 261 F.3d 330,

---

[3] *See Bak*, 682 F.2d at 442 ("The general rule is that a motion to reopen deportation proceedings is a new, independently reviewable order within the jurisdiction of the court of appeals. . . .").

11

338 (3d Cir. 2001). However, "we may not accept appellate counsel's *post hoc* rationalizations for agency action. Put another way, an agency's order must be upheld on the same basis articulated in the order by the agency itself." *Id.* (citing, *inter alia*, *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). "[W]e will not search the record to find support for the agency's decision unless its conclusions are readily apparent so that broad inferential leaps of logic are not needed to reach the determinations." *Id.* (internal quotation marks and alterations omitted).

It is undisputed that the IJ's decision, which we review because the BIA issued an affirmance without opinion, does not address the Government's theory that 8 C.F.R. § 216.5(a)(2) (requiring there to have been no final order of removal in order for an alien to be eligible for a waiver) bars seeking a continuance through a motion to reopen based on changed circumstances.

Additionally, we note that the Government has cited no BIA authority supporting such a theory, and our research has discovered none. The statute pursuant to which El Kanafani filed his motion to reopen, 8 U.S.C. § 1229a(c)(6), was enacted relatively recently. *See Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 131 n.1 (3d Cir. 2001) (noting that § 1229a(c)(6) went into effect on April 1, 1997). That section provides for motions to reopen on the basis of "new facts"– the reason here for El Kanafani's motion, which indicated a material change of circumstances with respect to his marital status and recent divorce. The implementing regulations for § 1229a(c)(6) contemplate that motions to

12

reopen will be filed "for the purpose of providing the alien an opportunity to apply for *any form of discretionary relief. . . .*" 8 C.F.R. § 1003.23 (indicating that a motion to reopen seeking discretionary relief will not be granted if the "alien's right to apply for such relief was fully explained . . . and an opportunity to apply therefore was afforded . . . unless the relief is sought on the *basis of circumstances that have arisen subsequent to the hearing*.") (emphasis added). In applying this regulatory and statutory scheme, we cannot say for certain that the BIA would endorse the Government's theory, and would not allow El Kanafani the benefit of the continuance remedy it has developed through its case-by-case adjudication in *Mendes*, *Stowers*, *Anderson*, and *Tee*.

Accordingly, we will remand this matter to the agency for reconsideration of El Kanafani's motion to reopen. We express no opinion as to the Government's suggested alternate basis for denying the motion to reopen.

V.

For the foregoing reasons, we will grant El Kanafani's petition for review. We will vacate the BIA's order of July 18, 2003 affirming the IJ's May 24, 2002 order. The BIA will direct the immigration judge to review El Kanafani's motion to reopen in light of this opinion.